HAWKINS *vs.* KING.

There can be no deduction from the agreed price of a negro on account of unsoundness, when the negro was sold without either a warranty or representation of soundness.

In Webster Superior Court. Tried before Judge PER-KINS, March Term, 1860.

This was an action of assumpsit by King against Hawkins, on a promissory note for $450 00, dated 7th January, 1856, payable 25th December thereafter to Sterling Clark or bearer. The note was transferred by Clark to plaintiff for valuable consideration before its maturity.

The defense was, that the note was given by defendant as part of the price and purchase-money of a negro boy, Sam, bought of Clark, and that said negro was unsound at the time of said purchase, and that the consideration of the note had failed.

Plaintiff being examined by defendant as to the interest which he had in the note originally, when it was made, stated, that himself and Clark, who was his son-in-law, attended a sale of an estate in Jefferson county; Clark bid off a negro woman at the sale for $900 00, but being a stranger, he was unable to comply with the terms of sale by giving the security required; plaintiff took the bid off his hands and gave a note for the $900 00, which he afterwards paid; plaintiff and Clark were interested in said property as heirs at law; Clark afterwards, without plaintiff's authority, traded the woman to Noah Hudson for this negro boy Sam, receiving one hundred dollars to boot; plaintiff was not pleased with this trade, and told Clark that he must pay him $900 00 for the woman; plaintiff did not like the boy Sam; he was a *simple* negro, and looked weakly, but plaintiff thought him sound, but he was not the kind of negro he would like; saw a scar on his leg; shortly after this, Clark sold the boy to defendant for $900 00, taking two notes, one for $450 00, due one day after date, and the other (the note sued on) due 25th December thereafter, and Clark, a few days thereafter, gave and turned over said notes to plaintiff in payment of the $900 00 which he owed plaintiff for the negro woman; a month or two after this, defendant paid plain-

Hawkins vs. King.

tiff the first note which was due; the note sued on was not due when Clark traded or turned it over to plaintiff.

Several witnesses were examined on both sides as to the condition and soundness of the negro before, after, and at the time he was sold by Clark to defendant. Amongst others, plaintiff introduced Noah Hudson, Clark's vendor. Defendant objected to his competency on the ground of interest. The Court overruled the objection and the witness was examined.

The jury found for the plaintiff the amount of the note, and interest, and cost. Whereupon, counsel for defendant moved for a new trial on the following grounds, viz.:

1st. Because the verdict was contrary to the charge of the Court.

2d. Because the verdict was strongly and decidedly against the weight of the evidence.

3d. Because the Court erred in admitting the testimony of Noah Hudson.

4th. Because the Court erred in charging the jury, that if they believed that the negro was unsound before and after the sale, yet if he was sound on the day of sale, then they must find for plaintiff; and that defendant must prove that the negro was unsound on the day of sale; but that they must consider the condition of the negro both before and after the sale, to enable them to ascertain and determine his probable condition at that time.

The Court refused the motion for a new trial, and counsel for defendant excepted.

W. A. HAWKINS, for plaintiff in error.

REDDING, WIMBERLY and B. S. WORRILL, contra.

By the Court.—STEPHENS, J., delivering the opinion.

A single view disposes of this case. There was not the slightest evidence of either a warranty or a representation of the soundness of the negro, and, of course, there can be no deduction from the price on account of unsoundness. The defense to the action has not the least foundation.

Judgment affirmed.